# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2026

Lyle W. Cayce
Clerk

————————

No. 25-30481

————————

Nicole Ester-Capers, *Administratrix of* the Succession of Timothy Darnell Capers,

*Plaintiff—Appellant*,

*versus*

Walmart Inc., Erroneously named as Walmart Stores Inc and Walmart Louisiana L L C,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1202

———————————————————————

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

After being terminated, Timothy Capers sued his employer, Walmart, under the Americans with Disabilities Act ("ADA"). The district court granted summary judgment for Walmart, finding among other things that Capers was not disabled under the ADA. We AFFIRM.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30481

I

Walmart employed Capers from 2006 until his termination in 2019. Capers served as a Store Manager at a Walmart Neighborhood Market. In that position, Capers received training on various Walmart policies and procedures, including workplace discrimination and the ADA.

In August 2018, Capers suffered a "mild stroke" while on vacation. The stroke left him hospitalized for two days and caused slower speech, lower stamina, and muscle weakness. Capers returned to work but was hospitalized again after experiencing stroke symptoms. He missed three days of work but did not request medical leave. Nor did Capers inform his supervisor that he was missing work; instead, Capers's subordinates informed his supervisor that he had been hospitalized. Capers returned to work and performed his routine duties but allegedly continued to suffer ongoing stroke symptoms. Capers also alleges that he suffered from "uncontrolled diabetes." He testified that managing his diabetes was essential to controlling his stroke symptoms.

Due to these ailments, Capers emailed his supervisors on February 6, 2019, requesting a "step-down transfer" to an assistant manager position: "I would like to put in [a] request to step down because of health reason [sic]. I have been struggling with my health for the past year high blood pressure [sic] and getting my blood sugar levels under control."

On February 7, 2019, Capers was terminated. Following his termination, Capers obtained employment as a store manager at a Dollar General, a position he testified was more physically demanding than his position at Walmart.

No. 25-30481

After exhausting his administrative remedies, Capers sued Walmart under the ADA for disability discrimination and failure to accommodate.[1] Walmart moved for summary judgment. The district court granted Walmart's motion, holding that (1) Capers did not qualify as "disabled" under the ADA, (2) Walmart did not know of Capers's alleged disability, and (3) Walmart established nondiscriminatory reasons for terminating Capers.

Capers[2] appeals.

## II

We review summary judgments *de novo. Balboa Cap. Corp. v. Okoji Home Visits MHT, L.L.C.*, 111 F.4th 536, 546 (5th Cir. 2024). "Summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 475 (5th Cir. 2022) (per curiam) (quoting FED. R. CIV. P. 56(a)). We construe all evidence in the light most favorable to the nonmovant. *See Balboa Cap.*, 111 F.4th at 546. A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Advanced Indicator*, 50 F.4th at 475 (citation omitted).

---

[1] Capers also alleged race discrimination, sex discrimination, and retaliation. The district court dismissed each of these claims with prejudice, and Capers does not contest them on appeal.

[2] After the district court's ruling but before this appeal was filed, Capers sadly passed away. As administratrix of Capers's estate, Capers's wife, Nicole Ester-Capers, was substituted as plaintiff-appellant. For clarity, we will continue to refer to the plaintiff-appellant as "Capers."

3

III

Capers argues[3] the district court erred in granting Walmart summary judgment on his ADA claim.

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). In an ADA action, the employee may either present "direct evidence of discrimination," or alternatively proceed under the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Way v. City of Mo. City*, 133 F.4th 509, 517 (5th Cir. 2025) (quotation omitted). *McDonnell Douglas* first requires the employee to establish a prima facie case of discrimination: (1) that he is disabled within the meaning of the ADA, (2) he was qualified for the job, and (3) he suffered an adverse employment action on account of his disability. *Gosby v Apache Indus. Servs., Inc.*, 30 F.4th 523, 525–26 (5th Cir. 2022). Once the prima facie case is established, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason" for the adverse employment action. *Id.* at 526 (quoting *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019)). The burden then shifts back to the employee to produce evidence that the employer's nondiscriminatory reason was merely pretextual. *Ibid.*

Applying the *McDonnell Douglas* framework, the district court concluded that Capers could not establish a prima facie case of discrimination because he did not qualify as "disabled" under the ADA. The ADA defines a "disability" as "a physical or mental impairment that substantially limits

---

[3] Capers also argues the court erred by admitting several of Walmart's exhibits as business records, allegedly without proper authentication in violation of Federal Rule of Evidence 603(6)(d). Capers additionally contends that the proffered exhibits were irrelevant. We need not address these evidentiary issues because the exhibits do not affect our analysis of the district court's ADA ruling.

one or more major life activities." 42 U.S.C. § 12102(1)(A); *see Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 478–79 (5th Cir. 2023). A "[m]ajor life activit[y]" includes activities such as "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, [and] walking." 29 C.F.R. § 1630.2(i)(1)(i).

The district court found that Capers's "stroke and accompanying symptoms" did not qualify him as "disabled" because the "residual effects from his stroke" were "not enough to substantially limit a major life activity." Capers did not request medical leave, he continued to perform his regular duties as store manager, and he never informed his supervisor of his hospitalizations. Furthermore, Capers was later employed in a position that required *more* physical labor. For these reasons, the district court found that Capers could not establish the first element of his prima facie case.

Capers argues the district court erroneously applied *McDonnell Douglas*. He cites the ADA Amendments Act of 2008 ("ADAAA"), which broadened the ADA to make it easier for individuals with disabilities to obtain ADA protections. Pub. L. No. 110-325, 122 Stat. 3553 (2008) (codified at 42 U.S.C. § 12101); *see also Mueck*, 75 F.4th at 479. The ADAAA directed courts to "interpret and apply the term 'substantially limits' to require a degree of functional limitation that is lower than the [pre-ADAAA] standard." *Mueck*, 75 F.4th at 479 (citation modified).

Capers contends the district court did not apply the more lenient ADAAA standard but instead incorrectly measured his disability under the pre-ADAAA "severity" standard. We disagree. Nothing suggests the court applied an incorrect standard. The court relied exclusively on post-ADAAA sources, to conclude that Capers's residual stroke symptoms did not substantially limit his ability "to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).

Under the proper ADAAA standard, Capers argues, his impairments—diabetes and stroke symptoms—"easily" entitle him to a "regulatory presumption" that he had a disability under the ADA. No such "regulatory presumption" exists, however. While a court's assessment of an impairment "should be particularly simple and straightforward" with the intent to "provide for more generous coverage," Capers still had to present evidence that his impairments substantially limited a major life activity. § 1630.2(j)(3)(i)–(ii); *see Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013) ("[T]he ADAAA makes it easier to prove a disability, [but] it does not absolve a party from proving one." (emphasis omitted)).

Capers presented no evidence showing that his residual stroke symptoms and diabetes substantially limited his ability to perform major life activities like caring for himself, performing manual labor, eating, sleeping, and walking. To the contrary, Capers continued to perform his everyday duties as store manager, never sought medical leave, and subsequently found employment that required more physical labor. *Compare Mueck*, 75 F.4th at 482 (employee's alcoholism rendered him disabled under the ADA because his alcoholic binges led him to "not shower, brush his teeth, clean, [or] eat healthily," often drinking "to the point of unconsciousness"), *with Green v. United Parcel Serv., Inc.*, 847 F. App'x 207, 210–11 (5th Cir. 2021) (per curiam) (an employee suffering from partial blindness was not disabled under the ADA because he continued to perform his normal everyday activities, including driving his vehicle). As the district court correctly explained, even though Capers "may have experienced residual effects from his stroke," there was never any indication that those symptoms "substantially limit[ed] a major life activity."

No. 25-30481

In sum, the district court correctly ruled that Capers does not qualify as "disabled" under the ADA, thereby failing to satisfy the first element of his prima facie case.[4]

Accordingly, the district court's judgment is AFFIRMED.

---

[4] We therefore need not consider Capers's other arguments, namely whether Walmart knew of Capers's alleged disability or had a legitimate, nondiscriminatory reason for terminating him.